[No. 21347.   Department Two.   December 31, 1928.]

McDonald Brothers & Metcalfe, *Respondent*, v.
Maryland Casualty Company, *Appellant*.

W. A. Gleason, *Respondent*, v. Maryland Casualty
Company, *Appellant*.[1]

*Roberts, Skeel & Holman* and *Elwood Hutcheson,*
for appellant.

*Howard Garrison* and *F. A. Kern,* for respondent.

Parker, J.—These consolidated actions were commenced in the superior court for Kittitas county by the plaintiffs, McDonald Bros. & Metcalfe, and W. A. Gleason, seeking recovery upon a bond executed by

[1]Reported in 273 Pac. 192.

Kuckenberg-Wittman Co. and Booth & Pomeroy, Inc., as contractor principals, and Maryland Casualty Company as surety, conditioned for the faithful performance of their contract with the state of Washington for the construction of the Vantage ferry bridge over the Columbia river; and further conditioned that they

". . . shall pay all laborers, mechanics, sub-contractors and materialmen and all persons who shall supply such contractor or sub-contractors with provisions and supplies for the carrying on of such work."

This bond was executed as required by Rem. Comp. Stat., § 1159.

The actions are to recover upon the bond for supplies in the form of groceries furnished by the plaintiffs to the camp conducted by the contractors for the boarding of their workmen. Trial upon the merits resulted in findings and judgment awarding recovery to the plaintiffs as against all of the defendants, from which the defendant casualty company has appealed to this court.

It is contended in behalf of appellants that the supplies furnished by respondents were not such as are legally chargeable against the bond.

We decided contrary to this contention by our recent decision in *National Grocery Co. v. Maryland Casualty Co.*, 148 Wash. 387, 269 Pac. 4, where this same question was presented under the same conditions as it is here presented. We are satisfied with the somewhat lengthy review of the question in that decision and with the result there reached, so we again conclude that the supplies furnished by respondents are such as are chargeable against the bond, unless we are to hold otherwise because the supplies were not furnished "for the carrying on of the work" of the construction of the bridge.

It is contended that in this case the evidence

shows, as it did not in *National Grocery Co. v. Maryland Casualty Co.*, that Kuckenberg-Wittman Co. were conducting the camp as their own concern, separate and apart from the carrying on of the construction of the bridge; and that therefore they furnished the supplies apart from the prosecution of the work of the construction of the bridge.

There is evidence to the effect that Kuckenberg-Wittman Co., were managing the camp, that their partner in the construction work, Booth & Pomeroy, took no active part in the management of the camp, and that respondents rendered their bills to and received payment therefor from Kuckenberg-Wittman Co. But this, by the evidence, appears also to be true of certain parts of the actual construction work; that is, Kuckenberg-Wittman Co. and Booth & Pomeroy agreed between themselves that each should manage the prosecution of certain portions of the work, though they together constituted a single party to the construction contract.

We think the evidence clearly shows that the camp, by reason of the isolated location of the work, was run as a necessary, efficient means of carrying on the work, as much as any other activity conducted by either of the parties and not participated in actively by the other was a necessary, efficient means of carrying on the work. It seems to us that the fact that each partner may have actively, separately carried on one part of the work is of no consequence when it is apparent, as here, that all activities, including the camp, were carried on as part of the construction project as a whole.

It seems clear to us that the judgments must be affirmed. It is so ordered.

FULLERTON, C. J., MAIN, and FRENCH, JJ., concur.